FILED

10/20/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0313

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0313

FILED

OCT 20 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

JAMES T. and ELIZABETH GRUBA, and
LEO G. and JEANNE R. BARSANTI,

Petitioners and Appellants,

v.

MONTANA PUBLIC SERVICE COMMISSION,
and NORTHWESTERN ENERGY,

Respondents and Appellees.

ORDER

By order filed August 25, 2020, this Court granted the motion of Respondents Montana Public Service Commission (PSC) and Northwestern Energy (NWE) to strike from the record on appeal various excerpts from the underlying administrative proceeding record not included in the record before the District Court on judicial review. On August 24, 2020, Appellants filed a related "Motion to Correct the Record" raising the same or substantially similar issues and arguments raised in opposition to the prior PSC/NWE motion to strike. On September 9, 2020, Appellants filed a related motion seeking reconsideration of our prior order granting the PSC/NWE motion to strike. On September 15, 2020, we denied Appellants' August 24 "Motion to Correct the Record" as well as their related September 9 Motion for Rehearing on our August 25 Order granting the PSC/NEW motion to strike.

By motion filed September 29, 2020, Appellants now again raise essentially the same issue for the *fourth time*, this time by motion pursuant to M. R. App. P. 12(5) (inclusion in appendix of "additional documents or materials . . . referenced in . . . brief" which are "essential to the arguments" therein) for leave to attach/include a specified subset of the extrinsic records which we have thrice previously rejected as or in appendices to their briefing on appeal. Appellants' latest motion is a manifest attempt to shoehorn

previously barred extrinsic records into M. R. App. P. 12(5), thereby backdooring them into the record on appeal in disregard of our prior rulings.

However, the clear and unmistakable essence, if not express provision, of our prior rulings was and remains that the subject records extrinsic to the underlying district court record, including the subset now again at issue here, were and remain *not* essential to the matters at issues on appeal due to the narrow procedural posture of this appeal. Appellants' latest motion has made no additional or more compelling showing to the contrary. THEREFORE,

IT IS ORDERED that Appellants' September 29 "Opposed Motion to Attach Appendices B, C1 & C2 to Opening Brief" is hereby DENIED.

IT IS THUS FURTHER ORDERED that the Clerk shall STRIKE Appellants' previously filed Opening Brief from the docket in this matter. Appellants shall have TEN (10) DAYS from the date of this order TO REFILE their Opening Brief without reference to records not included in the underlying administrative record before the District Court in this matter. Failure to timely comply with this order may, in the discretion of this Court, result in dismissal of the appeal pursuant to M. R. App. 13(3).

The Clerk is directed to give notice of this Order to all counsel of record.

Dated this 20th day of October, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

2